UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ROBERT BROOKS,** <br><br> Plaintiff, <br><br> vs. <br><br> **GC SERVICES, Limited Partnership;** and **DOES 1 through 10, inclusive,** <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I.   INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Robert Brooks, an individual consumer, against Defendant, GC Services, Limited Partnership, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III.   PARTIES

3.  Plaintiff, Robert Brooks, is a natural person with a permanent residence in Hurst, Tarrant County, Texas 76053.

1

4. Upon information and belief the Defendant, GC Services, Limited Partnership, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton St, Suite 300, Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at his place of employment after being informed that Plaintiff's employer does not allow such communication. Defendant starting making phone calls in June of 2012.

8. When Defendant called Plaintiff's place of employment, Plaintiff's boss answered the call. Plaintiff's boss specifically told Defendant that Plaintiff was not allowed to receive such calls at his work phone. Defendant persisted in calling even after this discussion. The final phone call to Plaintiff's work was on June 28, 2012.

9. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by attempting to contact Plaintiff as work after having specific knowledge that Plaintiff's employer does not allow such contact.

## V.    CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and
>
> (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Robert Brooks, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

  **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, Limited Partnership for the following:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA and TDCPA.

  B. Actual damages.

  C. Statutory damages.

  D. Costs and reasonable attorney fees.

  E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

  F. For such other and further relief as the Court may deem just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Robert Brooks demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

DATED: June 18, 2013   RESPECTFULLY SUBMITTED,

By: /s/ Kimberly A. Lucas
Kimberly A. Lucas, Esq.
State Bar No. 14991480
KYLE MATHIS & LUCAS, LLP
8226 Douglas, Ste. 450
Dallas, TX 75225
klucas@kylemathis.com
Tel: 214-706-7607; Fax: 214-706-7622
*Attorneys for Plaintiff,*
*Robert Brooks*